UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GEORGE TAYLOR, ) ) ) | Case No. 1:24-cv-00772 Case No. 1:25-cv-00798 |
| Plaintiff, ) ) | Judge J. Philip Calabrese |
| v. ) ) | Magistrate Judge Darrell A. Clay |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, ) ) ) | |
| Defendant. ) ) | |

# OPINION AND ORDER

On June 25, 2024, the Court ordered Plaintiff Christopher Taylor's lawsuit appealing the denial of disability benefits be remanded pursuant to sentence six of 42 U.S.C. § 405(g). (ECF No. 8.) Because remand was pursuant to sentence six, the Court retained jurisdiction, and final judgment would not be entered until the Appeals Council issued a decision on remand. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) (citing *Melkonyan*, 501 U.S. at 101–02).

On February 21, 2025, the Appeals Council issued a fully favorable decision, determining that Mr. Taylor was disabled under Title XVI of the Social Security Act beginning on January 28, 2021. (ECF No. 10, PageID #31; ECF No. 10-1, PageID #35 & #69.) The Appeals Council notified Plaintiff of the final decision. (ECF No. 10, PageID #31; ECF No. 10-1, PageID #35 & #69.) On May 23, 2025, Defendant moved to reopen and reinstate the case and enter judgment "because Plaintiff has obtained

all possible benefits to which he could be entitled." (ECF No. 10, PageID #31–32.) Plaintiff has not responded to this motion.

The Court has received notice of a fully favorable decision of Plaintiff's case after remand to the Appeals Council. Pursuant to 42 U.S.C. § 405(g), the Court **GRANTS** Defendant's motion to reopen and reinstate the case (EFC No. 10), **AFFIRMS** the decision of the Appeals Council, and enters judgment in favor of Plaintiff.

On April 21, 2025, Plaintiff filed a new action with the Court to appeal the Appeals Council's February 2025 decision, which was fully favorable to him. *See Taylor v. Commissioner of Soc. Sec. Admin.*, No. 1:25-cv-00798. Plaintiff claims that the Appeals Council failed to consider additional medical records relating to his disabilities. (*Taylor II*, ECF No. 1, PageID #2–3.) Defendant contends that this claim is duplicative of the claim already pending in the previous action and should be dismissed. (*Taylor II*, ECF No. 8.) Plaintiff has not responded to this position either.

The record confirms Defendant's position. Indeed, the complaints both allege that the Appeals Council erred by not assessing Plaintiff's additional medical records. (*Compare Taylor I*, ECF No. 1, PageID #2–3, *with Taylor II*, ECF No. 1, PageID #2–3.) Because Plaintiff's second complaint is duplicative of his first, he received a fully favorable ruling, and his second complaint is time-barred in any event, the Court **DISMISSES AS MOOT** Plaintiff's second complaint. (*Taylor II*, ECF No. 1.)

For the foregoing reasons, the Court **GRANTS** Defendant's motion to reopen and reinstate in Case No. Case No. 1:24-cv-00772 (ECF No. 10), **AFFIRMS** the decision of the Appeals Council, and enters judgment in favor of Plaintiff. Further, the Court **DISMISSES AS MOOT** Plaintiff's complaint in Case No. 1:25-cv-00798 (*Taylor II*, ECF No. 1).

**SO ORDERED.**

Dated: June 24, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio