# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

CHRISTOPHER GEORGE
TAYLOR,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:24-cv-00772
Case No. 1:25-cv-00798

Judge J. Philip Calabrese

Magistrate Judge Darrell A. Clay

## AMENDED OPINION AND ORDER

This amended opinion and order supersedes the previous one dated June 24, 2025  (*Taylor I*, ECF No. 11; *Taylor II*, ECF No. 9.)  On June 24, 2025, after the Court entered judgment in Case No. 1:24-cv-00722 ("*Taylor I*") and Case No. 1:25-cv-00798 ("*Taylor II*"), Plaintiff Christopher Taylor's opposition to Defendant's motion to reopen and enter judgment in the first case and motion to dismiss the second case as duplicative was docketed.  (*Taylor I*, ECF No. 12; *Taylor II*, ECF No. 11.)  Because these motions were sent to the Clerk's Office on June 21, 2025, they are treated as filed as timely and pre-dating the Court's entry of judgment.  (*Taylor I*, ECF No. 12-1; *Taylor II*, ECF No. 11-1.)  In both oppositions, Plaintiff claims that his second civil action was an appeal of the fully favorable February 2025 Appeals Council decision, and that his two civil actions "are different issues and as such not duplicative." (*Taylor I*, ECF No. 12, *Taylor II*, ECF No. 11.)  Notwithstanding Plaintiff's arguments, the Court reaches the same determinations it previously made.

## I.     The Decision on Remand

On June 25, 2024, the Court remanded Plaintiff's lawsuit appealing the denial of disability benefits pursuant to sentence six of 42 U.S.C. § 405(g). (*Taylor I*, ECF No. 8.) Because remand was pursuant to sentence six, the Court retained jurisdiction, and final judgment would not be entered until the Appeals Council issued a decision on remand. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) (citing *Melkonyan*, 501 U.S. at 101–02).

On February 21, 2025, the Appeals Council issued a fully favorable decision, determining that Mr. Taylor was disabled under Title XVI of the Social Security Act beginning on January 28, 2021. (*Taylor I*, ECF No. 10, PageID #31; *Taylor I*, ECF No. 10-1, PageID #35 & #69.) The Appeals Council clarified the position of the administrative law judge and determined that the decision was "fully favorable to the claimant rather than partially favorable as indicated in the prior decision, and he would not be entitled to additional benefits under Title XVI." (*Taylor I*, ECF No. 10-1, PageID #72.)

As part of its reasoning, the Appeals Council relied on 20 C.F.R. § 416.335, which provides: "When a claimant files an application in the month that he meets all the other requirements for eligibility, the earliest month for which the claimant could be paid benefits is the month following the month he filed the application." (*Id.*) Plaintiff filed an application for supplemental security income on February 2, 2021, with a protective filing date of January 28, 2021, and an alleged onset date of September 15, 2016. (*Id.*) Because there is no retroactivity for Title XVI payments, the Appeals Council determined that "the earliest possible established onset date"

2

was January 28, 2021, Plaintiff's protective filing date.  (*Id.*)  The Appeals Council notified Plaintiff of the final decision.  (*Taylor I*, ECF No. 10, PageID #31; *Taylor I*, ECF No. 10-1, PageID #35 & #69.)

On May 23, 2025, Defendant moved to reopen and reinstate the case and enter judgment "because Plaintiff has obtained all possible benefits to which he could be entitled."  (*Taylor I*, ECF No. 10, PageID #31–32.)  In both complaints, Plaintiff asks the Court to "[m]odify the defendant's decision and grant monthly maximum insurance benefits to the plaintiff, retroactive to the date of initial disability, August, 08, 2001." (*Taylor I*, ECF No. 1, PageID #3; *Taylor II*, ECF No. 1, PageID #3.)  Based on the fully favorable decision below, including the Appeals Council's reasoning pursuant to 20 C.F.R. § 416.335, the Court may not grant such relief.

The Court has received notice of a fully favorable decision of Plaintiff's case after remand to the Appeals Council.  Pursuant to 42 U.S.C. § 405(g), the Court **GRANTS** Defendant's motion to reopen and reinstate the case (*Taylor I*, EFC No. 10), **AFFIRMS** the decision of the Appeals Council, and enters judgment in favor of Plaintiff.

## II.  The Duplicative Complaints

On April 21, 2025, Plaintiff filed a new action with the Court to appeal the Appeals Council's February 2025 fully favorable decision.  *See Taylor v. Commissioner of Soc. Sec. Admin.*, No. 1:25-cv-00798 (N.D. Ohio).  Plaintiff claims that the Appeals Council failed to consider additional medical records relating to his disabilities.  (*Taylor II*, ECF No. 1, PageID #2–3.)  Defendant contends that this claim is duplicative of the claim already pending in the previous action and should be

dismissed.  (*Taylor II*, ECF No. 8.)  In response, Plaintiff claims that his two civil actions "are different issues and as such not duplicative."  (*Taylor I*, ECF No. 12, *Taylor II*, ECF No. 11.)

The record confirms Defendant's position.  In his first complaint, Plaintiff challenged the Appeals Council's March 12, 2024 decision dismissing his request because it was untimely.  (*Taylor I*, ECF No. 1.; *Taylor I*, ECF No. 10-1, PageID #35 & #58–63.)  Specifically, Plaintiff alleged that "SSA should have found the failure to obtain medical records good cause for failing to timely file for the Appeals Council to review the Administrative Law Judge's decision."  (*Taylor I*, ECF No. 1, PageID #3.)  Further, Plaintiff claimed that the Appeals Council should have found good cause for not timely appealing due to "physical and mental limitations."  (*Id.*)

Plaintiff's second complaint challenges the February 2025 fully favorable decision but makes the same claim as his first complaint:  "[t]he medical records relating to [his] disabilities were never procured by SSA."  (*Taylor II*, ECF No. 1, PageID #2.)  Indeed, the complaints both allege that the Appeals Council erred by not assessing Plaintiff's additional medical records.  (*Compare Taylor I*, ECF No. 1, PageID #2–3, *with Taylor II*, ECF No. 1, PageID #2–3.)  Because Plaintiff's second complaint is duplicative of his first, he received a fully favorable ruling, and his second complaint is time-barred in any event, the Court **DISMISSES AS MOOT** Plaintiff's second complaint.  (*Taylor II*, ECF No. 1.)

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to reopen and reinstate in Case No. 1:24-cv-00772 (*Taylor I*, ECF No. 10), **AFFIRMS** the decision of the Appeals Council, and enters judgment in favor of Plaintiff.  Further, the Court **DISMISSES AS MOOT** Plaintiff's complaint in Case No. 1:25-cv-00798 (*Taylor II*, ECF No. 1).

**SO ORDERED.**

Dated:  June 26, 2025

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio